UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLTON MIXON,

        Plaintiff,

v.

Case No. 08-13963
HONORABLE PATRICK J. DUGGAN

MILLICENT WARREN, KATHERINE
CORRIGAN, DENNIS SERGENT,

        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT MILLICENT WARREN'S MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in the
U.S. District Courthouse, Eastern District
of Michigan on September 21, 2009.

PRESENT:   HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On September 15, 2008, Plaintiff, a Michigan Department of Corrections ("MDOC") prisoner, commenced this civil rights action against Defendants in their official and individual capacities pursuant to 42 U.S.C. § 1983. In his *pro se* complaint, Plaintiff alleges deprivations of his constitutional rights based on his transfer from the Thumb Correctional Facility ("TCF") to the Saginaw Regional Facility ("SRF"), which he claims was in retaliation for complaints he made against TCF Assistant Deputy Warden Katherine Corrigan. Defendant Millicent Warren is the Warden at TCF and Defendant Dennis Sergent was a Grievance Coordinator and Transfer Coordinator at the

facility. At this time, only Defendant Warren has been served in this matter. On January 23, 2009, Defendant Warren filed a motion for summary judgment which this Court referred to Magistrate Judge Michael Hluchaniuk pursuant to 28 U.S.C. § 636(b)(1)(B).

On August 6, 2009, Magistrate Judge Hluchaniuk issued a Report and Recommendation ("R&R") in which he recommends that this Court grant Defendant Warren's motion for summary judgment. Magistrate Judge Hluchaniuk concludes that Defendant Warren is entitled to Eleventh Amendment immunity to the extent she is sued in her official capacity. Magistrate Judge Hluchaniuk further concludes that Plaintiff's claim fails against Defendant Warren fails because she was not directly involved in the alleged constitutional violation and because Plaintiff "has not alleged the existence of a sufficiently adverse action that was taken against him" to support a First Amendment retaliation claim. (R&R at 18.)

At the conclusion of his R&R, Magistrate Judge Hluchaniuk informs the parties that they must file any objections to the R&R within ten days. (R&R at 17-18.) On August 14, 2009, Plaintiff filed a motion seeking a sixty-day extension of time to file his objections. This Court granted Plaintiff's request and, on September 10, 2009, he filed his objections. The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).

**Objection 1**:

In his first objection, Plaintiff seeks to correct Magistrate Judge Hluchaniuk's finding that Plaintiff filed a grievance based on the denial of internet access. Plaintiff acknowledges that, because of security concerns, Michigan Department of Corrections prisoners are prohibited access to the internet or any computer connection outside a prison facility. (Obj. at 1.) This objection has no bearing on Plaintiff's claim against Defendant Warren, however.

**Objections 2-4**:

In his remaining "objections," Plaintiff disputes Magistrate Judge Hluchaniuk's finding that no evidence establishes Defendant Warren's direct involvement in Plaintiff's transfer. Therefore, in his second "objection," Plaintiff indicates that he is not asserting § 1983 liability based on respondeat superior liability and he acknowledges that he must show that Defendant Warren somehow encouraged or condoned the decision to transfer him.

In his third objection, Plaintiff takes issue with Magistrate Judge Hluchaniuk's finding that "there is no allegation of involvement in these events by [D]efendant Warren other than that she had the authority to stop the transfer [in response to Plaintiff's grievance] and did not do so." (R&R at 12.) Plaintiff indicates that prisoners lack access to the type of evidence that would demonstrate Defendant Warren's involvement in his transfer and that, based on his "30 plus years of incarceration," he believes Defendant Warren signed the order transferring him to SRF. Relatedly, in his fourth objection,

Plaintiff sets forth the following facts to demonstrate Defendant Warren's "direct" involvement in the alleged constitutional violation: (1) she was aware of Plaintiff's complaints against Defendant Corrigan, (2) she reviewed and ruled on Plaintiff's grievance against Defendant Corrigan, and (3) she "directly signed and/or approved the transfer order."

Defendant Warren's alleged awareness of Plaintiff's complaints and her review and ruling on his grievances are insufficient to establish her liability under § 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Even if one reached the conclusion that Defendant Warren authorized or approved the retaliatory transfer by signing the transfer order, this Court agrees with Magistrate Judge Hluchaniuk that Defendant Warren is entitled to summary judgment. As the magistrate judge indicated, to establish a First Amendment retaliation claim, a plaintiff must prove *inter alia* that "an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Based on Sixth Circuit precedent, Plaintiff's transfer between prisons at the same security level, without more, does not constitute a sufficiently adverse action to support a First Amendment retaliation claim. *See Smith v. Yarrow*, 78 Fed. App'x 529, 543 (6th Cir 2003) (collecting cases).

For these reasons, the Court concurs in Magistrate Judge Hluchaniuk's conclusion with respect to Plaintiff's claim against Defendant Warren.

Accordingly,

**IT IS ORDERED**, that Defendant Warren's motion for summary judgment is

**GRANTED**.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:
Carlton Mixon, #132473
Michigan Reformatory
1342 W. Main St.
Ionia, MI 48846

Scott Rothermell, Esq.
Magistrate Judge Michael Hluchaniuk