UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CARLTON MIXON, | Case No. 08-13963 |
| Plaintiff, | Patrick J. Duggan |
| vs. | United States District Judge |
| MILLICENT WARREN, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 40)**

**I.    PROCEDURAL HISTORY**

Plaintiff filed his complaint in this matter on September 15, 2008. (Dkt. 1). Rather than file an answer to the complaint, defendant Millicent Warren filed a motion for summary judgment on January 23, 2009. (Dkt. 10). That motion was referred to the undersigned on January 26, 2009, pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 11). The undersigned recommended granting Warren's motion for summary judgment, which was adopted District Judge Patrick J. Duggan on September 29, 2009. (Dkt. 18, 29).

Judge Duggan then referred this case to the undersigned for all pretrial proceedings. (Dkt. 16). Subsequently, two additional defendants (Katherine Corrigan and Dennis Sergent) were served with the summons and complaint and

filed a motion to dismiss or for summary judgment, on similar grounds as those asserted by defendant Warren. (Dkt. 40). On December 16, 2009, plaintiff filed a response to the motion for summary judgment. (Dkt. 44). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that the Court **GRANT** defendants' motion for summary judgment.

## II. RELEVANT FACTS

Plaintiff is a prisoner of the Michigan Department of Corrections (MDOC) and, according to his complaint, in February of 2008, while being housed at the Thumb Correctional Facility (TCF), he was allegedly denied internet access by prison officials. Plaintiff filed a grievance relating to that denial on February 14, 2008, which was denied on February 19, 2008. (Dkt. 1, p. 4). No documents were attached to the complaint relating to this grievance. Plaintiff attempted to informally contact Assistant Deputy Warden Katherine Corrigan regarding the issue and he did not receive a response. (Dkt. 1, p. 6). On March 6, 2008, plaintiff filed a grievance (TCF 08-03-0114-02D), "which is the basis of this action," pursuant to normal MDOC procedure, objecting to this denial and complaining about Assistant Deputy Warden Corrigan, who had denied him the internet access. *Id.* The grievance was "received" by the grievance coordinator on March 10, 2008,

and was denied at the first step of the standard grievance process on March 17, 2008. *Id.*

Plaintiff further alleges that on March 12, 2008, the process to transfer him to the Saginaw Regional Facility (SRF) was initiated by Assistant Deputy Warden Corrigan and the transfer actually took place on March 14, 2008. (Dkt. 1, p. 6). Plaintiff filed another grievance (TCF 08-03-001670-21C) on March 21, 2008, which was "received" at the Step I level on March 26, 2008. (Dkt. 1, p. 10). This grievance related to the transfer and claimed that the transfer was in retaliation for filing the grievance relating to the internet access denial and to the conduct of Assistant Deputy Corrigan in ordering the denial and subsequent transfer. *Id.* The Step I grievance was denied on April 3, 2008. The denial claimed that the transfer was made pursuant to a "trade" for a security Level II prisoner with SRF and that plaintiff was chosen at random from those Level II prisoners that had requested a transfer from TCF. (Dkt. 1, p. 11). Plaintiff appealed the decision to the next level and the Step II appeal was denied on May 2, 2008. The Step II denial was signed by defendant Warren and indicated the transfer was "routine" and not in retaliation for plaintiff filing the grievance. The denial further indicated that Assistant Deputy Corrigan signed all "CSJ-481 Security Classification Screens" and had not "instigated" plaintiff's transfer. (Dkt. 1, p. 14). Plaintiff appealed the denial to the

Step III level and that was denied on June 13, 2008, based on similar reasoning. (Dkt. 1, p. 17).

In his complaint, plaintiff claims that he was transferred from TCF to SRF in retaliation for filing the grievance against Assistant Deputy Corrigan and contends that the transfer violated his constitutional rights. Plaintiff seeks a determination that his rights were violated and an award of monetary damages. (Dkt. 1, p. 5).

## III. ANALYSIS AND CONCLUSIONS

### A. Standard of Review

Summary judgment is appropriate under Rule 56(b) "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476, 478-79 (6th Cir. 1995), the court stated the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

"In deciding a motion for summary judgment, [the] court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). A genuine issue of material fact exists only when, assuming the truth of the non-moving party's evidence and construing all inferences from that evidence in the light most favorable to the nonmoving party, there is sufficient evidence for a trier of fact to find for the nonmoving party. *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

Rule 56 limits the materials the Court may consider in deciding a motion under the rule: "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (citation omitted). In accordance with Rule 56(e), the Sixth Circuit has held "that documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be disregarded." *Moore v. Holbrook,* 2 F.3d 697, 699 (6th Cir. 1993). Thus, in resolving a Rule 56 motion, the Court should not consider unsworn or uncertified documents, *Id.*, unsworn statements, *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968-969 (6th Cir. 1991), inadmissible expert testimony, *North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1280 (6th Cir. 1997), or hearsay evidence, *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996); *Wiley v. United States*, 20 F.3d 222,

5

Report and Recommendation
Motion for Summary Judgment
*Mixon v. Warren*; 08-13963

225-226 (6th Cir. 1994). *See Tolliver v. Federal Republic of Nigeria*, 265 F.Supp.2d 873, 879 (W.D. Mich. 2003). Thus, "[a] party opposing a motion for summary judgment cannot use hearsay or other inadmissible evidence to create a genuine issue of material fact." *Id*., quoting, *Sperle v. Michigan Dept. of Corrections*, 297 F.3d 483, 495 (6th Cir. 2002) (citation and quotation marks omitted).

    B.    <u>Retaliation</u>

Plaintiff's complaint contends that he was transferred from one institution to another in retaliation for his grievance that was filed alleging improper conduct on the part of Assistant Deputy Warden Corrigan in denying him internet access.[1] Plaintiff claims this violated his First Amendment rights. A prisoner retains First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. *See Pell v. Procunier*, 417 U.S. 817, 822 (1974). Retaliation based on a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

---

[1] Plaintiff does not allege that he was transferred to an institution that was more restrictive than the one he was in. The documents associated with the transfer indicate he went from one Level II institution to another Level II institution. (Dkt. 40, Ex. 1).

To establish a First Amendment retaliation claim, the plaintiff must prove that: (1) the plaintiff engaged in activities protected by the Constitution or statute; (2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that this adverse action was taken at least in part because of the exercise of the protected conduct. *Id.* Conclusory allegations are insufficient to show that a defendant was motivated by the exercise of a plaintiff's First Amendment rights. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Bare allegations by the plaintiff of malice on the part of a defendant are not enough to establish retaliation claims. *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). Moreover, "temporal nexus" is a factor in determining a causal connection in a First Amendment retaliation claim. *Mulazim v. Corrigan*, 7 Fed.Appx. 427 (6th Cir. 2001). The plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). If the plaintiff is able to make such a showing, the defendant then has the burden of showing that the same action would have been taken even absent the plaintiff's protected conduct. *Id.*; *Thaddeus-X*, 175 F.3d at 399.

With respect to proving plaintiff was subject to an adverse action resulting from the exercise of a protected Constitutional right, plaintiff asserts that the

transfer to SRF from TCF was the adverse action. A transfer to another prison at the same security level is not generally considered sufficiently adverse to deter a person of ordinary firmness from exercising his First Amendment rights. *Smith v. Yarrow*, 78 Fed.Appx. 529, 543 (6th Cir. 2003); *Mandela v. Campbell*, 1999 WL 357825, at *3 (6th Cir. 1999). However, where there are aggravating factors, the courts have been willing to find that a prison transfer would deter a person of ordinary firmness. *See Siggers-El v. Barlow*, 412 F.3d 693, 704 (6th Cir. 2005). In *Siggers-El*, the aggravating factors accompanying the transfer included the loss of a high paying job needed to pay for the plaintiff's attorney and increased difficulties for the plaintiff's attorney in visiting with or representing the plaintiff because he was moved further away from her. *Id*.

Here, plaintiff asserts that the purportedly adverse action of being transferred caused the disintegration of his marriage because his wife was too sickly to visit him at the facility to which he was transferred and because he lost his prison work assignment. *Id*. Plaintiff argues that the "timeline between the complaints lodged, grievances filed on the Defendants and his transfer at the direct hands of Defendants shows the motivation for, and the causal connection between the protected conduct and the adverse actions." (Dkt. 44, p. 3). Mere temporal proximity is, however, insufficient to establish a retaliatory motive. *See Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001) (while temporal proximity between

inmate's grievances and decision to transfer him provided some circumstantial support for a causal connection, this evidence alone was not sufficient to meet inmate's burden showing that the filing of grievances was a substantial or motivating factor for his transfer). Moreover, the mere conclusory allegation that plaintiff believes the transfer was in retaliation for the filing of a grievance is insufficient to establish a retaliatory motive in this case. *See e.g.*, *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005). And, where a plaintiff fails to produce evidence from which a jury could reasonably determine that the transfer and resulting losses were in retaliation for his grievance, summary judgment in favor of the defendant is proper. *Scuba v. Wilkinson*, 2010 WL 99348 (S.D. Ohio 2010), citing, *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 788 (6th Cir. 2000). In this case, where plaintiff does not offer any admissible evidence to support this claim that the transfer was the result of a retaliatory motive, summary judgment in defendants' favor is appropriate.

### IV. RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that defendants' motion for summary judgment be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

9

Report and Recommendation
Motion for Summary Judgment
*Mixon v. Warren*; 08-13963

72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 29, 2010                         s/Michael Hluchaniuk
                                            Michael Hluchaniuk
                                            United States Magistrate Judge

**CERTIFICATE OF SERVICE**

10

Report and Recommendation
Motion for Summary Judgment
*Mixon v. Warren*; 08-13963

I certify that on June 29, 2010, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: Scott R. Rothermel, and I certify that I have mailed by United States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant, at the following addresses Carlton Mixon, # 132473, MICHIGAN REFORMATORY, 1342 W. Main, Ionia, MI 48846.

s/Tammy Hallwood
Case Manager
(810) 341-7850
tammy_hallwood@mied.uscourts.gov