UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLTON MIXON,

        Plaintiff,

v.

        Case No. 08-13963
        HONORABLE PATRICK J. DUGGAN

MILLICENT WARREN, KATHERINE
CORRIGAN, DENNIS SERGENT,

        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS KATHERINE CORRIGAN'S AND DENNIS SERGENT'S MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in the
U.S. District Courthouse, Eastern District
of Michigan on August 5, 2010.

PRESENT:   HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

On September 15, 2008, Plaintiff, a Michigan Department of Corrections prisoner, commenced this civil rights action against Defendants in their official and individual capacities pursuant to 42 U.S.C. § 1983. In his *pro se* complaint, Plaintiff alleges deprivations of his constitutional rights based on his transfer from the Thumb Correctional Facility ("TCF") to the Saginaw Regional Facility, which he claims was in retaliation for complaints he made against Defendant TCF Assistant Deputy Warden Katherine Corrigan. Defendant Millicent Warren is the Warden at TCF and Defendant

Dennis Sergent was a Grievance Coordinator and Transfer Coordinator at the facility. This Court has referred the matter to Magistrate Judge Michael Hluchaniuk for all pretrial purposes pursuant to 28 U.S.C. § 636(b)(1)(B).

This Court previously dismissed Plaintiff's claims against Warren. (Doc. 29.) On November 18, 2009, Corrigan and Sergent filed a motion for summary judgment. (Doc. 40.) On June 29, 2010, Magistrate Judge Hluchaniuk issued a report and recommendation (R&R) recommending that this Court grant the motion. (Doc. 47.) In the R&R, Magistrate Judge Hluchaniuk concludes that Plaintiff fails to demonstrate a genuine issue of material fact with respect to whether his transfer was taken at least in part because of the exercise of his First Amendment rights. (*Id*. at 8-9.) He therefore recommends that the Court dismiss Plaintiff's First Amendment retaliation claim against Corrigan and Sergent.

At the conclusion of his R&R, Magistrate Judge Hluchaniuk informs the parties that they must file any objections to the R&R within fourteen days. (R&R at 9.) He further advises the parties that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id*. at 10.) Plaintiff filed objections to the R&R on July 15, 2010. The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).

Plaintiff asserts five objections to the R&R. However only two of these objections, if they have merit, are relevant to Magistrate Judge Hluchaniuk's reason for

finding that summary judgment is warranted in Sergent's and Corrigan's favor. As stated before, the reason is that Plaintiff fails to establish a genuine issue of material fact with respect to the last of the three elements of his First Amendment retaliation claim– i.e., whether there is a causal connection between Plaintiff's protected conduct and the alleged adverse action by Defendants. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Magistrate Judge Hluchaniuk apparently assumed that Plaintiff engaged in protected conduct and he did not conclude one way or the other in his R&R whether Plaintiff was subjected to an adverse action– the remaining elements of the claim. (*See* R&R at 7-8.)

In his first objection, Plaintiff indicates that the magistrate judge incorrectly characterized the grievance that Plaintiff claims triggered Defendants' retaliatory actions. According to Plaintiff, he was not complaining about the denial of internet access; rather he was complaining about the "denial of access to a 'stand-alone' computer terminal that had no internet access." (Obj. at 2.) While Plaintiff is correct, this has no bearing on Magistrate Judge Hluchaniuk's decision or the resolution of Sergent's and Corrigan's motion. Plaintiff's third and fourth objections are relevant only to whether he engaged in protected activity and suffered an adverse action. Again, this has no bearing on the reason why Magistrate Judge Hluchaniuk recommends that this Court grant summary judgment to Corrigan and Sergent.

Plaintiff's second and fifth objections arguably relate to whether he demonstrated a genuine issue of material fact with respect to whether Defendants retaliated against him *because of* his First Amendment activities. In his second objection, Plaintiff cites another

3

case to show that Corrigan has retaliated against other prisoners for exercising their protected rights– presumably to show that she therefore must have done so in this case. However there has been no finding in the case Plaintiff cites, *Blair v. Barnhart* No. 08-11626 (E.D. Mich.), that Corrigan engaged in the alleged retaliation. The fact that the plaintiff in *Blair*– or even plaintiffs in a hundred cases– allege something in the complaint does not constitute evidence to demonstrate the existence of a genuine issue of fact here.[1] In his fifth and final objection, Plaintiff contends that he has presented more than "temporal proximity" to demonstrate that Defendants' conduct was retaliatory. He also argues that "'the question of causation is a factual issue to be resolved by a jury . . .'" (Obj. at 6 (quoting *Harris v. Bornhorst*, 513 F.3d 503, 519-20 (6th Cir. 2008).) But Plaintiff omits the first word of the quote which is "usually." *Harris*, 513 F.3d at 519-20.

     A court *may* grant summary judgment based on the issue of causation where the plaintiff opposing the motion fails to present evidence sufficient to create a genuine issue as to whether his or her protected conduct caused the adverse action. *See Hartsel v. Keys*, 87 F.3d 795, 803 (6th Cir. 1996) (indicating that "a court may grant summary judgment even in a causation inquiry, where it is warranted.") The plaintiff must present "specific, nonconclusory allegations" to demonstrate a genuine issue of fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 144 (6th Cir. 1997) (internal quotation marks and

---

[1] In his objections, Plaintiff states that "[f]urther discovery will undoubtedly reveal other cases involving defendant Corrigan's violation of MDOC policy." (Obj. at 2.) In response to the motion for summary judgment, however, Plaintiff never asserted that he needed discovery to respond to the motion. *See* Fed. R. Civ. P. 12(f).

citation omitted). Plaintiff has failed to satisfy his burden in response to Corrigan's and Sergent's motion. The "nature of the [alleged] adverse action" and the fact that it may have been contrary to MDOC policy directive does not establish a nexus between Plaintiff's conduct and the adverse action as Plaintiff contends in his fifth objection.

For these reasons, the Court rejects Plaintiff's objections to the R&R. The Court concurs in Magistrate Judge Hluchaniuk's conclusion with respect to Plaintiff's claim against Sergent and Corrigan.

Accordingly,

**IT IS ORDERED**, that the motion for summary judgment filed by Defendants Corrigan and Sergent is **GRANTED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Carlton Mixon, #132473
Michigan Reformatory
1342 W. Main St.
Ionia, MI 48846

Scott Rothermell, Esq.
Magistrate Judge Michael Hluchaniuk

5